IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL H. GELORME,<br><br>    Plaintiff,<br><br>    v.<br><br>FERRACCIO FAMILY MARKETS<br>OF PENNSYLVANIA, INC.,<br><br>    Defendant. | 2:12-cv-1340 |

### MEMORANDUM ORDER

Ferraccio Family Markets of Pennsylvania, Inc. petitions the Court to seal the entire docket of this long-extinguished case. ECF 38. Petitioner claims that the allegations and evidence that were detailed in the pleadings and docket entries related to summary judgment will cause it and its former officer and employees "prejudice, embarrassment, and public humiliation" if they remain accessible to the public. *Id.* at ¶¶ 3, 16.[1] After careful consideration, the Court denies the Petition.

"The common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). This right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Id.* (cleaned up). But this right of access is merely a presumption and "may be rebutted." *Id.* (cleaned up). Rebutting that presumption, though, is a heavy task. The standard applied is "more rigorous" than the one under Federal Rule of

---

[1] The Court notes that there appears to be a formatting issue with the Petition—the paragraph numbering jumps from 3 to 12. ECF 38. That said, this appears to simply be a typographical error, since Petitioner has not filed a corrective entry on the docket.

Civil Procedure 26(c), as the public right of access recognizes "fewer reasons to justify the sealing of court records."[2] *Id.* at 670 (citation omitted).

In "deciding claims of a common law right of access to a judicial document," the Court "must conduct a two-part analysis." *In re Forbes Media LLC*, No. 21-52, 2022 WL 17369017, at *2 (W.D. Pa. Dec. 2, 2022) (Hornak, J.).

First, the Court must determine "whether the right of access attaches to the documents in question." *Id.* "Whether or not a document or record is subject to the right of access turns on whether that item is considered to be a 'judicial record.'" *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (cleaned up).

Here, Petitioner seeks to "seal the docket, or, in the alternative, seal the docket entries that contain [] specific factual allegations and testimony." ECF 38, ¶ 19. Initially, the Court declines Petitioner's request to generally seal the entire docket. Petitioner must seek to seal on a "document-by-document" basis with reference to the actual contents of the challenged documents. *Avandia*, 924 F.3d at 672-73. Petitioner has only done that with respect to the docket entries listed in its narrower request.

As for Petitioner's narrower request, the specific docket entries included in it are the complaint, answer, and all documents related to the motion for summary judgment. Courts have held that these types of docket entries are indisputably judicial records. *See, e.g.*, *Best Medical Int'l, Inc. v. Buchanan Ingersoll & Rooney PC*,

---

[2] Petitioner cites Federal Rule of Civil Procedure 26(c) as the basis for the Petition. ECF 38, p. 1; ECF 40, ¶ 18. But that rule does not apply here. Rule 26(c) applies to protective orders, not requests to seal docket entries. This is an important distinction because meeting the more relaxed "good cause standard of Rule 26(c) cannot in itself provide the showing needed to seal the submission of judicial records to be utilized in a formal adjudication of central issues in a lawsuit." *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 563 (W.D. Pa. 2014) (Cercone, J.) (cleaned up). Instead, as is discussed throughout this memorandum order, the applicable standard in determining whether documents may be sealed is "the more rigorous common law right of access standard[.]" *Province v. Midland Funding LLC*, No. 20-110, 2021 WL 4437745, at *3 (W.D. Pa. Sept. 28, 2021) (Haines, J.).

No. 20-1077, 2020 WL 12574939, at *2 (W.D. Pa. Aug. 24, 2020) (Dodge, M.J.) ("Here, the 'compelling interest' standard applies to Plaintiff's Motion as the Complaint indisputably is a judicial record."); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) ("[T]he common law presumption in favor of public access was applicable to the material filed by Westinghouse in connection with its motion for summary judgment."). So the presumption of access applies.

Since the presumption of access applies, the Court must now "determine whether the party seeking to overcome the presumption has shown that the interest in secrecy outweighs the presumption of access." *In re Forbes*, 2022 WL 17369017, at *2 (cleaned up). Petitioner bears this burden, and it is "a heavy one." *Id.* (cleaned up). To meet it, Petitioner must show that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (cleaned up). Petitioner's effort on this score falls short.

Petitioner's argument for sealing rests primarily on the claim that the information contained in these documents is "embarrassing" and has "caused at least one individual to refuse to associate with Petitioner." ECF 40, ¶¶ 8, 16. The embarrassing information, according to Petitioner, is that the documents contain allegations and testimony describing "hostile work environment allegations of an explicit sexual nature." *Id.* at ¶ 6.

"While embarrassment is a consideration in favor of sealing, courts have denied motions to seal based solely on embarrassing information[.]" *Strike 3 Holdings, LLC v. Doe*, No. 21-17860, 2022 WL 2274473, at *2 (D.N.J. June 23, 2022) (collecting cases). That's because if "mere embarrassment were enough, countless pleadings as well as other judicial records would be kept from public view." *Rose v. Rothrock*, No. 08-3884, 2009 WL 1175614, at *8 (E.D. Pa. Apr. 29, 2009) (cleaned up).

Thus, the embarrassment must be particularly serious to warrant shielding the information from public view. *See Strike 3*, 2022 WL 2274473, at *2-3. After reviewing the docket, the Court does not find the potential embarrassment here to be particularly serious.

Petitioner oversells the "explicit sexual nature" of the allegations in this case. The allegations essentially revolved around a single crude sexual joke and some other allegedly hostile behavior that led to the at-issue work environment for Plaintiff. *See* ECF 34, pp. 1-4. These allegations are not the type that would normally cause "serious" embarrassment.

Petitioner tries to bolster its argument for sealing by arguing that Joseph Ferraccio, a former officer, suffered additional harm because an employee of his unrelated business entity resigned after viewing the information available on the docket. ECF 40, ¶¶ 3-5. But once again, Petitioner overpromises and underdelivers. Even Petitioner acknowledges that the employee referenced "other issues" in her resignation text messages. ECF 40, ¶ 6. The Court has reviewed those text messages and cannot conclude that Mr. Ferraccio would have been able to retain that employee if the public had been stripped of its right of access to the docket. *See* ECF 40-1. This additional "harm" therefore is not enough to justify the severe remedy Petitioner requests. *Cf. Minion v. Keystone Amerihealth Caritas*, No. 16-5454, 2018 WL 1535211, at *3-4 (D.N.J. Mar. 29, 2018) (denying motion to seal where plaintiff claimed lawsuit is a "distraction and hindrance to future employment" (cleaned up)); *Jankowski v. Extendicare Homes, Inc.*, No. 10-6, 2011 WL 13193264, at *2 (W.D. Pa. May 10, 2011) (McLaughlin, J.) (denying motion where plaintiff sought an order to seal case to make him "hireable").

Any other generic harm cited by Petitioner is insufficient to meet its burden. *See, e.g.*, ECF 38, ¶ 12, 16. The Third Circuit has made clear that "broad allegations

of harm, bereft of specific examples or articulated reasoning, are insufficient."[3] *Avandia*, 924 F.3d at 673.

Finally, Petitioner's "interest in secrecy" is lessened by the passage of time and the nature of the prior disclosure. That is, the Court issued a summary-judgment decision in this case in November 2013, which has been public since that time, and easily accessed through a simple internet search. Thus, even if the Court were to seal the docket now, the summary-judgment opinion has been publicly available for almost a decade and would remain public on several websites. Given that inescapable fact, Petitioner's present interest in secrecy of the docket entries is low.

For these reasons, the Court finds that Petitioner has failed to overcome the strong presumption in favor of public access to documents filed in federal court.

\* \* \*

**AND NOW**, this 6th day of April, 2023, it is hereby **ORDERED** that Petitioner's Petition to Seal Docket (ECF 38) is **DENIED.**

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[3] One final point. Petitioner tries to minimize the public's interest in having access to the information at issue by claiming that Plaintiff's claims were dismissed "as completely meritless," thus proving that the allegations in his complaint were "false, inflammatory, and defamatory[.]" ECF 38, ¶ 13. But that's not what happened here. The Court entered summary judgment after discovery, finding that the allegations, even if true, were not enough to establish the legal requirements for a hostile work environment claim. ECF 34, pp. 5-6. The Court did not (and indeed could not) find that Plaintiff's claims about the conduct alleged were factually "false," as that would have been a job for the factfinder.